UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL PAUL SHENEMAN, | ) | CASE NO. 4:15-cv-1907 |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OF OPINION |
| UNITED STATES OF AMERICA, | ) | AND ORDER |
| | ) | |
| RESPONDENT. | ) | |

On September 16, 2015, petitioner pro se Michael Sheneman filed the above-captioned habeas corpus action under 28 U.S.C. § 2241. Sheneman challenges his convictions and the sentence imposed on him in the United States District Court for the Northern District of Indiana in 2011, on the grounds that the evidence was not sufficient to convict him, his conviction was based on perjury and false information, and his attorney had a conflict of interest. For the reasons stated below, the petition is denied and this action is dismissed.

Habeas corpus petitions brought pursuant to 28 U.S.C. § 2241 address the execution of a sentence, while motions filed pursuant to 28 U.S.C. § 2255 test the validity of a judgment and sentence. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998) (citing *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991)). Section 2255 provides in pertinent part:

> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255.

The terms "inadequate" or "ineffective" do not mean that habeas corpus relief is available whenever a federal prisoner faces a substantive or procedural barrier to Section 2255 relief such as the Antiterrorism and Effective Death Penalty Act of 1996, *Triestman v. United States*, 124 F.3d 361, 376 (2d Cir. 1997), or denial of a previously filed Section 2255 motion. *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979). Rather, habeas corpus remains available when the failure to allow some form of collateral review would raise serious questions as to Section 2255's constitutionality. *Triestman*, 124 F.3d at 377. The petitioner bears the burden of proving that the Section 2255 remedy is inadequate or ineffective. *Thompson v. Smith*, 719 F.2d 938, 940 (8th Cir. 1983); *McGhee*, *supra*.

Sheneman seeks to raise issues that could and must be raised in a Section 2255 motion. The petition sets forth no reasonable suggestion of a proper basis on which to raise these issues pursuant 28 U.S.C. § 2241, or that "serious constitutional questions" require further consideration of his claims.

Accordingly, the petition is denied and this action is dismissed pursuant to 28 U.S.C. § 2243. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: October 26, 2015

                                          **HONORABLE SARA LIOI**
                                          **UNITED STATES DISTRICT JUDGE**